Hand-Delivered

FILED
CHARLOTTE, NC

APR 2 5 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT COURT OF
NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SHARON DAVIS and<br>ZANTAYA DAVIS-JACKSON<br><br>PLAINTIFFS,<br><br>v.<br><br>PROGRESS RESIDENTIAL SERVICES<br>NC LLC, PROGRESS RESIDENTIAL,<br>and PRETIUM PARTNERS, LLC<br><br>DEFENDANTS. | Case No. 3:25-cv-278-FDW |

## COMPLAINT

Plaintiffs Sharon Davis and Zantaya Davis-Jackson ("Davis" and "Davis-Jackson" or "Plaintiffs") hereby files suit against Defendants, PROGRESS RESIDENTIAL SERVICES NC, LLC, a limited liability company, PROGRESS RESIDENTIAL and PRETIUM PARTNERS, LLC, a limited liability company, (hereinafter "Defendants") pursuant to Title VIII of the Civil Rights Act as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631 ('FHA"); North Carolina Unfair and Deceptive Practices Act ("NCUDTPA") under N.C. Gen. Stat. § 75-1.1-75-16.1 and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs sought a safe and habitable rental property located at 2622 Amber Crest Drive, Gastonia, North Carolina from Defendants and paid $3,736.13 (1.5x rent (security) +

partial month's rent) on a 2-year lease totaling $45,571.65, but what Plaintiffs received was a dilapidating, single-family residence with pre-existing roof damage, mold infestation, deplorable smells within the garage area, centipede infestation and graffiti-like markings on the vinyl exterior of the rental unit encompassing an unfit, unsafe, unsanitary, and unhealthy rental property.

2. Defendants failed to conduct comprehensive testing by trained contractors to assess the extent of rain/water damage and mold conditions after renting to Plaintiffs and discovering extensive roof damage.

3. Plaintiffs then sought reasonable accommodations to be relocated to a safe and habitable rental property due to unfit, unsafe, unsanitary, and unhealthy conditions.

4. Defendants refused and failed to provide reasonable accommodations causing physical and financial harm to the Plaintiffs.

5. Defendants deceitfully charged full market rent for an uninhabitable rental property. Defendants' unethical practices are deceptive and harmed the physical and financial health of the Plaintiffs.

## JURISDICTION AND VENUE

6. This is an action for injunctive relief, compensatory and punitive damages pursuant to Title VIII of the Civil Rights Act as amended by the Fair Housing Amendments Act of 1988, FHA. This Court is vested with original jurisdiction pursuant to Fair Housing Act of 1968 for Plaintiffs' claims under 42 U.S.C. §§ 3601-3631 based upon Defendants' failure to provide habitable and sanitary conditions and provide reasonable accommodations for persons with a Disability.

7. This is an action for treble damages and attorney's fees pursuant to North Carolina Unfair and Deceptive Practices Act under N.C. Gen. Stat. §§ 75-1.1-75-16.1 "NCUDTPA",

Plaintiffs seek treble damages and attorney's fees based upon Defendant's deceptive practices to reap unjust enrichment for misrepresentations of rental properties.

8. This is an action for damages pursuant to North Carolina Gen Stat. § 42-42 under the Implied Warranty of Habitability.

9. Venue is properly located in the WESTERN DISTRICT COURT OF NORTH CAROLINA IN THE CHARLOTTE DIVISION pursuant to 28 U.S.C. §§ 1331 and 1345 because venue lies in the judicial district of the property situs or judicial district in which a substantial part of the events or practices giving rise to Plaintiffs' claims occurred. Defendant PROGRESS RESIDENTIAL SERVICES NC, LLC is located in and does business within this judicial district.

**PARTIES AND SUBJECT PROPERTY**

10. Plaintiff, Sharon Davis, is and has been at all times relevant to the instant matter, a person of legal age residing in North Carolina.

11. Plaintiff, Zantaya Davis-Jackson is and has been at all times relevant to the instant matter, a person of legal age residing in New Jersey.

12. Plaintiff Davis is an individual with disabilities.

13. Plaintiff Davis-Jackson is an individual with a disability.

14. Defendant, PROGRESS RESIDENTIAL SERVICES NC, LLC is a limited liability company with its principal place of business located 8604 Cliff Cameron Drive, Suite 110, Charlotte, North Carolina 28269. It is part of a chain of rental management companies, which offers single-family homes. Ms. Lillian Maria identifies herself as its District Manager, Latonya Burton identifies herself as its Manager Resident Operations. Mr. Willie (last name unknown) identifies himself as its Service Manager. Amanda Mejia conducts on-boarding interviews.

15. Defendant, PROGRESS RESIDENTIAL, with its principal place of business located at 7500 N. Dobson Road, Scottsdale, Arizona is the corporate headquarters that collects rental and security payments.

16. Defendant, PRETIUM PARTNERS, LLC a limited liability company with its principal place of business located at 810 7th Avenue, New York, New York 10019, is a privately held investment management firm focused on residential real estate. Pretium Partners is classified as a "landlord" under North Carolina law because it is an agent directly or indirectly in control of a rental property. Pretium Partners also benefits from unjust enrichment due to the deceitful and injurious conduct of Defendants PROGRESS RESIDENTIAL SERVICES NC, LLC and PROGRESS RESIDENTIAL.

**FACTUAL ALLEGATIONS**

17. On or about February 25, 2025, Plaintiff Davis completed and signed a rental application online at rentprogress.com for a new construction rental property located at 208 Babbling Brook Drive, Clayton, North Carolina 27520. The site showed that there were zero Applications. Concession of $500 off rent for April was being given if move in by the 7th of March. Plaintiff Davis-Jackson completed her portion on or about February 26, 2025 at approximately 8:25am, although she was given until 5:45pm on February 26, 2025 to complete her portion of the application. On or about February 26, 2025 at approximately 11:55am, a text message was received from Progress Residential stating "Property Is No Longer Available".

18. About 3:45PM on February 26, 2025, Plaintiff Davis received a phone call from Kelly of Progress Residential. The Babbling Brook property had been rented but if deposit isn't made, our application would be next in line. Kelly offered other properties, but rents were more expensive.

19. Defendants claim to rent on a "first come, first serve basis". Plaintiff Davis completed

4

Case 3:25-cv-00278-FDW-SCR    Document 1    Filed 04/25/25    Page 4 of 13

the application when the rental property showed zero applications according to rentprogress.com.

20. Defendants misrepresent that they rent on a "first come, first serve basis".

21. On or about March 6, 2025, Plaintiffs submitted the application for 2622 Amber Crest Drive in Gastonia., North Carolina.

22. On or about March 10, 2025, Plaintiff Davis received an adverse response requiring 1.5x security deposit plus partial month's rent ($3,736,13). No other information was provided on how this decision was obtained.

23. Two-year lease: $1,763.98 x 24 - $500.00 (concession) + $3,736.13 security deposit = 45,571.65.

- Base rent: $1,735.00
- Smart Home: $19.99
- Utility Service: $8.99

24. Plaintiff Davis's prior lease was expiring on March 16, 2025, so there was limited time to view rentals, move, and pack.

25. Plaintiffs did not get an opportunity to physically view the property, but relied on the 15-photo advertisement of 2622 Amber Crest Drive, Gastonia, NC 28052 listed on Rentprogress.com, which severely misrepresented characteristics of the rental unit.

26. Page 1 depicts the front view of the rental property with a well-manicured yard and white gravel rock filling along the driveway;

- No well-manicured grass and decorative, white gravel rock filling;

27. Page 2 depicts the mapped layout of the rental property;

28. Page 3 depicts a close-up picture of the two-car garage. Part of a white privacy fence can be seen at the left rear;

5

- No white privacy fence.

29. Page 4 depicts the inner front door and garage door with beautiful vinyl flooring;

- Not the same beautiful vinyl flooring pictured.

30. Page 5 depicts the inner front door and window equipped with a fireplace and beautiful vinyl flooring;

- Not the same beautiful vinyl flooring pictured.

31. Page 6 is another angle of Page 5;

32. Page 7 depicts the kitchen with stainless steel appliances with dark cabinets with patio door;

33. Page 8 is another angle of Page 7 including countertops;

- Countertops do not appear to be the same as those pictured.

34. Page 9 depicts the window shot of the master bedroom with ceiling fan and beautiful vinyl floors like those in the living room;

- Low-budget brown-colored carpeting covers the floors, instead of the beautiful vinyl floors.

35. Page 10 is another angle of Page nine showing closet door;

36. Page 11 depicts master bath with window and beautiful vinyl floors like in the other rooms;

- Vinyl flooring not the same beautiful flooring as those pictured.

37. Page 12 depicts second bedroom on left (from front) with window and beautiful vinyl floors like in the other parts of the house. White privacy fence can be seen from inside;

- Low-budget brown-colored carpeting covers the floors, instead of the beautiful vinyl floors and there's no white privacy fence.

38. Page 13 depicts third bedroom on right with a window and beautiful vinyl floors like in the other parts of the house;

- Low-budget brown-colored carpeting covers the floors, instead of the beautiful vinyl floors.

39. Page 14 depicts second bathroom with no window. Floors are not pictured;

40. Huge back patio with white privacy fence on both sides with well-manicured grass;

- Photo must be photoshopped because there's no white privacy fence and the patio is a quarter of the size of the patio pictured.

41. The day before the scheduled move-in (03/14/2025), Amanda Mejia of Progress Residential conducted the Plaintiffs' Move-In Orientation via telephone. This included the Move-In Inspection, which included photographs of the interior and exterior of the home emailed before the orientation.

42. From looking at the photographs, there seemed to be no major damage or problems, but Plaintiffs reserved signing the document until a physical inspection could be performed.

43. On or about Saturday, March 15, 2025, Plaintiffs' belongings were moved from Lexington, North Carolina to 2622 Amber Crest Drive, Gastonia, North Carolina.

44. On or about Sunday, March 16, 2025, Plaintiff Davis arrived at the rental property and began coughing profusely. Conditions in the rental property triggered a respiratory and allergic reaction.

45. Plaintiff Davis suffers from respiratory disorders, an immune-compromised system and muscoskeletal disabilities.

46. Plaintiff Davis-Jackson also suffers from an immune-compromised disorder.

47. Looking around the house, Plaintiffs discovered evidence of at least three circular

ceiling marks with darkened stains near the front window, which indicated the presence of mold. This was concealed from the Move-In Inspection photographs.

48. The master bathroom's tub was unsanitary as its enamel was nearly absent, but this was not depicted in the photographs but listed as normal wear and tear.

49. Plaintiff Davis notified Progress Residential on Monday, March 17, 2025 to advise that Plaintiffs would have to be moved to a different rental property due to health and safety concerns under case# 06008186.

50. Instead of relocation to a habitable property, Progress Residential sent two managers Latonya Burton and Mr. Willie (never provided last name). Neither individual came equipped with gloves, protective clothing or shoes. Neither was equipped with a ladder, nor did they enter the attic or other areas to inspect for mold. The extent was the exterior and the ceiling where the stains existed.

51. The managers arranged for a third-party contractor, Mighty Men to respond to check the roof.

52. On or about March 23, 2025, Mighty Men workers responded and found many of areas of damage to the roof. Workers attempted to use black caulking to try to seal the roof but there were too many. Mighty Men workers then removed huge amounts of black sludge from the gutters.

53. The exterior vinyl siding of the rental property also contains graffiti-like markings.

54. The pungent smell emanating from the garage is indescribable. Hordes of centipedes have been observed.

55. Drilled holes on the front exterior indicate that there were previous treatments for termites.

8

56. Mighty Men were given approval to replace the entire roof.

57. Defendants rented an uninhabitable residential home at market price in violation of North Carolina laws regarding rent abatement.

58. Based on previous repair/service orders, Defendants knowingly deceived Plaintiffs by renting to them a rental property, thereby concealing its true dilapidated condition.

59. Defendants' goal to maximize profits caused Plaintiffs financial harm as reflected in the condition of the rental property.

60. Defendants failed to properly maintain the brick-facing of the home, which shifts with the contact of wind or leaf blower tools.

61. Because Defendants failed to properly investigate hazards of mold and Gastonia Code Enforcement didn't provide any assistance, Plaintiffs hired an environmental consultant.

62. The detailed report identifies mold in the suspected areas but also identified mold growth in other areas of the rental property.

63. Plaintiffs can't adequately utilize the ventilation of heat or air conditioning, thereby causing excess cold or heat which exacerbates respiratory, immune-compromised and muscoskeletal disabilities.

64. Defendants misrepresented and continues to misrepresent the condition of the rental unit as habitable.

65. To conceal the evidence of the fraud perpetuated by the Defendants, Amanda Mejia of Progress Residential destroyed evidence by voiding the photographs contained in the Move-In Inspection document.

66. On or about April 1, 2025, Plaintiffs sent written correspondence via regular and certified mail requesting a reasonable accommodation of a transfer to a safe rental property.

9

Case 3:25-cv-00278-FDW-SCR    Document 1    Filed 04/25/25    Page 9 of 13

67. By email, Jillian Maria of Progress Residential continues to misrepresent 2622 Amber Crest Drive, Gastonia, NC as habitable. Any lease breakage would be the responsibility and penalty to the Plaintiffs.

68. Later the next week, Jillian Maria of Progress Residential emailed to say, "Move by April 30, 2025 and your security only will be returned within seven (7) days of moving."

69. Defendants continue to cause financial harm.

70. Also, for unjust enrichment, Progress Residential misrepresents utility service quoted as $8.99 but billed as $14.53 an excess of $5.54 utilizing third-party vendor Conserve.

## COUNT I
## VIOLATION OF THE FAIR HOUSING ACT

71. Plaintiffs re-allege and incorporate the allegations in 1 – 70 of the preceding paragraphs.

72. By the actions set forth above, Defendants have:

   a. Discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2); and

   b. Refused to make reasonable accommodations in the rules, policies, practices, or services, when such an accommodation is necessary to afford a person equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

73. As a result of Defendants' conduct, Plaintiffs have been injured, suffered damages, and are an "aggrieved persons" within the meaning of 42 U.S.C. § 3602(i).

74. Defendants' discriminatory actions were intentional, willful, and taken in reckless disregard to the rights of the Plaintiffs.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE

10

Case 3:25-cv-00278-FDW-SCR    Document 1    Filed 04/25/25    Page 10 of 13

## TRADE PRACTICES ACT

75. Plaintiffs re-allege and incorporate the allegations in 1 - 74 of the preceding paragraphs.

76. Defendants engage in "commerce" as defined by N.C. Gen. Stat. § 75-1.1 when it acts as a "landlord" because it is an agent or other person directly or indirectly in control of rentals of single-family homes and collects rents for those rental homes.

77. Defendants generally violated the NCUDTPA under N.C. Gen. Stat. § 75-1.1 when they engaged in unfair and deceptive practices in trade or commerce by taking advantage of Plaintiffs in renting an unfit and uninhabitable rental property while also charging full market value.

78. Defendants generally violated the NCUDTPA under N.C. Gen. Stat. § 75-1.1 when they engaged in unfair and deceptive practices in trade or commerce by taking advantage of Plaintiffs in false advertising of online rental property listing (rentprogress,com) as available and move-in ready and devoid of high-end amenities.

79. Defendants misrepresented to Plaintiffs that 2622 Amber Crest Drive, Gastonia was Available and move-in ready.

80. Defendants also engaged in unfair and deceptive practices in trade or commerce by taking advantage of Plaintiffs in using a third-party service (Conservice) and charging an additional $3.75 service fee plus other charges to inflate utility bills.

81. As a result of Defendants' NCUDTPA violations, Plaintiffs suffered substantial damage, including but not limited to financial damage incurred from Defendant's unlawful renting practices, false advertising and deceptive utility fee.

## COUNT III
## IMPLIED WARRANTY OF HABITABILITY
### North Carolina Gen Stat. § 42-42

82. Plaintiffs re-allege and incorporate the allegations in 1 – 81 of the preceding paragraphs.

83. North Carolina Gen. Stat. § 42-42 Landlord to provide fit premises

(a)(2) states: Landlord shall; Make all repairs and do whatever is necessary to put and keep the premises fit and in habitable condition.

(4) Maintain in good safe working order and promptly repair all electrical, plumbing, Sanitary, heating, ventilating, air conditioning, and other facilities and appliances supplied or required to be supplied by the landlord provided that notification of needed repairs is made to the landlord in writing by the tenant, except in emergency situations.

84. Defendants' failure to properly repair and maintain 2622 Amber Crest Drive, Gastonia is a violation of North Carolina law requiring landlords to provide habitable homes.

85. Defendants' failure to do comprehensive mold testing based on the underlying rain/water damage to the roof violates their duty to keep their premises in reasonable repair.

86. Defendants jointly participated in the wrongdoing at issue, and all are jointly and severally liable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Monetary and/or equitable relief to be determined at trial;

2. Statutory damages and/or penalties including treble damages;

3. Punitive or exemplary damages;

4. Pre- and post-judgment interest to extent provided by law;

5. Attorneys' fees and costs of suit including costs of notice, administration, and expert fees; and

6. Such other legal or equitable relief, including injunctive and declaratory relief, as the

Court may deem appropriate.

<b><u>PLAINTIFFS DEMAND TRIAL BY JURY</u></b>

Dated: April 25, 2025

Respectfully submitted,

*[signature: Sharon Davis]*

Sharon Davis, pro se
2622 Amber Crest Drive
Gastonia, NC 28052
(973) 558-7819
3caretaker@gmail.com